O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS MICHAEL BENHOFF, | ) | Case No. CV 07-07922 DDP (JWJx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO FILE** |
| | ) | **FIRST AMENDED ANSWER** |
| v. | ) | |
| | ) | [Motion filed on July 29, 2009] |
| DIANA WIGAND; STEVE UNGER; | ) | |
| KATHY PEZDEK; ~~the CALIFORNIA~~ | ) | |
| ~~DEPARTMENT OF JUSTICE~~ , | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Motion by Defendants to file a First Amended Answer to Plaintiff's First Amended Complaint. As of the date of this Order, Plaintiff has not filed an Opposition to the Motion. After reviewing the materials submitted by the moving parties, the Court grants the Motion.

**I.     PROCEDURAL BACKGROUND**

Plaintiff'S First Amended Complaint ("FAC") alleges that Defendants Diana Wigand, Steve Unger, and Kathy Pezdek ("Defendants") maliciously instituted an investigation and prosecution of plaintiff for failure to comply with California Penal Code § 296.1, which requires a convicted sex offender to

register his current address with local law enforcement agencies. As relevant here, the FAC seeks relief on the basis of state law claims for false arrest, false imprisonment, negligence, and fraud. Plaintiff filed his FAC on May 30, 2008. Defendants filed their Answer on February 24, 2009. The Court's June 16, 2009 Scheduling Order sets September 8, 2009 as the last day to amend the pleadings or join other parties. Scheduling Order at 2 (Doc. No. 27) (June 16, 2009). Defendants, who are all peace officers employed by the California Bureau of Investigation, seek leave to file a First Amended Answer ("FAA") adding affirmative defenses applicable to the state law claims. According to Defendants, those affirmative defenses are based on statutes that provide qualified immunity as to the state law claims.

## II. DISCUSSION

Central District of California Local Rule 7-9 requires an opposing party to file an opposition or a statement of non-opposition to any motion at least fourteen (14) days prior to the date designated for the hearing of the motion. See C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

Additionally, pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the leave of the Court, but the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the federal policy favoring the determination of cases on their merits, this policy is to be applied with "extreme liberality." Eminence

2

Captial, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Factors that may justify denying a Rule 15(a)(2) motion include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason," however, "the leave sought should, as the rules require, be 'freely given.'" Id.

    Defendants noticed their motion for a hearing date of August 24, 2009. Plaintiff's response was therefore due on August 10. As of that date, Plaintiff had not filed an Opposition or statement of Non-Opposition. As of the date of this Order, Plaintiff has still not filed an Opposition. The Court deems Plaintiff's failure to Oppose the motion as consent to the granting of the Motion. C.D. Cal. L.R. 7-12. Moreover, under the liberal standard provided by Rule 15(a)(2), the Court finds amendment in the interests of justice. The Court therefore grants the motion.

IT IS SO ORDERED.

Dated: August 18, 2009

DEAN D. PREGERSON
United States District Judge